**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re:* | Chapter 11 (Subchapter V) |
| AUGUSTUS INTELLIGENCE INC.,[1] | Case No. 21-10744 ( JTD ) |
| Debtor. | **Re: D.I. 41** |

### ORDER (I) AUTHORIZING THE DEBTOR TO EMPLOY AND RETAIN RK CONSULTANTS, LLC TO PROVIDE A CHIEF RESTRUCTURING OFFICER AND (II) DESIGNATING BRIAN RYNIKER AS CHIEF RESTRUCTURING OFFICER TO THE DEBTOR, EFFECTIVE AS OF THE PETITION DATE

Upon the application (the "Application")[2] of the above-captioned debtor in possession (the "Debtor"), for entry of an order pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, (i) authorizing the employment and retention of the firm of RK Consultants, LLC f/k/a Ryniker Consultants LLC ("RK Consultants" or the "Firm") to provide a Chief Restructuring Officer ("CRO") and additional staff to support the CRO, (ii) approving the designation of Brian Ryniker as CRO, and (iii) granting certain related relief, all effective as of the Petition Date; and the Court having reviewed the Application and the Ryniker Declaration in support of the Application; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Application being sufficient under the circumstances and that no further notice need be given; and after due deliberation the Court having

---

[1]    The Debtor and the last four digits of its federal taxpayer identification number is (7374). The current notice address for the Debtor is Augustus Intelligence, Inc., 74-48 65th Street, #1, Ridgewood, NY 11385.

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

determined that the legal and factual bases set forth in the Application and at the hearing thereon establish just cause for the relief granted herein; and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth in this Order

2. The Debtor is authorized, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, to (a) employ RK Consultants to provide a CRO and additional staff to support the CRO and (b) designate Mr. Ryniker as CRO, in each instance to provide the services in accordance with the terms and conditions set forth in the Engagement Letter, as modified herein and in the Application, effective as of the Petition Date.

3. Notwithstanding anything in the Application or the Engagement Letter to the contrary:

    (a)    The RK Consultants professionals, RK Consultants and its affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with the Chapter 11 Case.

    (b)    In the event the Debtor seeks to have RK Consultants professionals assume executive officer positions that are different than the positions disclosed in the Application, or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new executive officers, or (iii) altering or expanding the scope of the engagement, the Debtor shall file a motion or application to modify the retention with the Court.

    (c)    RK Consultants shall file with the Court, and serve on the Notice Parties, a Staffing Report by the 30th of each month for the previous month, which shall include the names and functions filled by all Firm professionals assigned to the engagement. The Staffing Report (and the Firm's staffing for this matter) shall remain subject to review by the Court in the event so requested by any of the Notice Parties.

    (d)    RK Consultants shall file with this Court, and serve upon the Notice Parties, Compensation Reports on a quarterly basis, which Compensation Reports will be filed by the 30th of the month following the end of the previous quarter. The Compensation Reports shall summarize the service provided, identify the compensation earned by each RK Consultants

professional, itemize expenses incurred and provide for an objection period of twenty-one (21) days from the filing and service of the Compensation Report. All such compensation would be subject to review by this Court if an objection is filed.

(e)    Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the local bankruptcy rules of this Court, any other orders of this Court, or any guidelines regarding submission and approvals of fee applications, RK Consultants and its professionals shall be excused from keeping time summaries for services rendered in one-tenth (0.10) of an hour increments and instead RK Consultants is hereby authorized to record its time summaries in one-half (0.50) of an hour increments for purposes of Staffing Reports and Compensation Reports.

(f)    During the course of the Chapter 11 Case, RK Consultants will only seek reimbursement of actual and necessary expenses itemized in the monthly Staffing Report.

(g)    No principal, employee or independent contractor of RK Consultants or its affiliates shall serve as a director of the Debtor during the pendency of the above-captioned case.

(h)    Without prejudice to parties' rights pursuant to Paragraphs 3(c) and 3(d) hereof, the Debtor is authorized, but not directed, to pay, in the ordinary course of business, all amounts invoiced by RK Consultants for fees and expenses incurred in connection with the Firm's retention.

(i)    For a period of three (3) years after the conclusion of the Firm's engagement, neither RK Consultants nor any of its affiliates shall make any investments in the Debtor or any reorganized Debtor. RK Consultants shall disclose any and all facts that may have a bearing on whether RK Consultants, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtor, its creditors, or other parties in interest. The obligation to disclose identified in this paragraph is a continuing obligation.

(j)    The Debtor is authorized to indemnify those persons serving as executive officers on the same terms as provided to the Debtor's other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtor's D&O policies.

(k)    Except as permitted in paragraph (j) above, there shall be no indemnification of RK Consultants or its affiliates.

3

4.      Notwithstanding anything to the contrary in the Engagement Letter, the Debtor is permitted to indemnify those persons acting as executive officers only on the same terms as provided to the Debtor's other officers and directors under the corporate bylaws and applicable state law, in addition to insurance coverage under the Debtor's director and officer insurance policies.

5.      There will be no indemnification of RK Consultants or any of its affiliates.

6.      Notwithstanding any provisions of the Engagement Letter to the contrary, RK Consultants has agreed not to raise or assert any defense based upon jurisdiction, venue, abstention, or otherwise to the jurisdiction and venue of this Court or (if the reference is withdrawn) the District Court for the District of Delaware to hear or determine any controversy or claims with respect to, in connection with, arising out of, or in any way related to RK Consultants' engagement in this Chapter 11 Case.

7.      With respect to controversies or claims arising out of or in any way related to the services in the Engagement Letter, notwithstanding any arbitration, dispute resolution or exclusive jurisdiction provisions contained in the Engagement Letter, any disputes arising under the Engagement Letter shall be heard in this Court during the pendency of this case.

8.      To the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter, and this Order, the terms of this Order shall govern.

9.      Notwithstanding any Bankruptcy Rule (including, without limitation, Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Order, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10.     The Debtor is authorized and empowered to take all actions necessary to effectuate the relief granted by this Order.

11.     This Court shall retain jurisdiction to hear and determine all matter arising from or relating to the implementation or interpretation of this Order.

**Dated: June 1st, 2021**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**