## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| *In re:* | : |
|  | : Chapter 11 (Small Business Subchapter V) |
| AUGUSTUS INTELLIGENCE INC.,[1] | : |
|  | : Case No. 21-10744  (JTD) |
|  | : |
| Debtor. | : **Re: D.I. 213** |
|  | : |
|  | : |
|  | : |

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
## ORDER CONFIRMING THE SMALL BUSINESS DEBTOR'S
## REVISED FIRST AMENDED PLAN OF LIQUIDATION

**WHEREAS**, the debtor and debtor-in-possession, Augustus Intelligence, Inc. ("**Debtor**"), has, among other things:[2]

A.  commenced the above-captioned chapter 11 case ("**Chapter 11 Case**") by filing a voluntary petition for relief under Subchapter V of Chapter 11 of title 11 of the United States Code ("**Bankruptcy Code**") on April 24, 2021 ("**Petition Date**") in the United States Bankruptcy Court for the District of Delaware ("**Court**");

B.  continued to operate its business and manage its properties as the debtor-in-possession in accordance with sections 1107(a) and 1108 of the Bankruptcy Code;

C.  filed, on June 14, 2022, its Small Business Debtor's Revised First Amended Plan of Liquidation [D.I. 213] ("**Plan"**);

D.  obtained, on June 21, 2022, the *Order (I) Establishing Solicitation and Tabulation Procedures; (II) Approving the Form of Ballots and Solicitation Materials; (III) Establishing the Voting Record Date; (IV) Fixing the Date, Time, and Place for the Confirmation Hearing and the Deadline for Filing Objections Thereto; and (V) Granting Related Relief* [D.I. 218] (the *"*Solicitation Procedures Order*"*)*, which, among other things, set the hearing ("**Confirmation Hearing**") to consider confirmation of the Plan ("**Confirmation**") for July 26, 2022 at 2:00 p.m. EST;

E.  caused solicitation materials, notice of the deadline for objecting to confirmation of the Plan, and related notices, forms, Ballots and Litigation Claims Assignment forms to be distributed on June 23, 2022, and continuing thereafter ("**Solicitation

---

[1]  The Debtor and the last four digits of its federal taxpayer identification number is (7374).

[2]  All capitalized terms used and not otherwise defined in this Confirmation Order (as defined herein) shall have the meanings given to them in the Plan (as defined herein).

**Packages**"), as evidenced by, among other things, the Certificates of Service [Docket Nos. 219 and 224];

F.     filed, on July 8, 2022, the Plan Supplement [D.I. 221] containing the proposed Litigation Trust Agreement and Liquidation Analysis (the "**Plan Supplement**");

G.     filed, on July 9, 2022, the First Supplement to the Plan Supplement [D.I. 222] (the "**First Supplement**"), which contained the Schedule of Executory Contracts And Unexpired Leases to Be Assumed pursuant to the Small Business Debtor's Revised First Amended Plan of Liquidation (as may be amended, "**Cure Schedule**"), which, together with the Plan Supplement, were distributed on July 9 and 11, 2022, as evidenced by, among other things, the Certificate of Service [Docket No. 224];

H.     filed, on July 20, 2022, the Notice of Filing of Amended Plan Supplements [D.I. 225] (the "**First Amended Supplement**" and, together with the Plan Supplement and the First Supplement, the "**Plan Supplements**"), which contained the Revised Litigation Trust Agreement, Redlined Version of Revised Litigation Trust Agreement marked to show the changes from the original Litigation Trust Agreement and a Schedule of Litigation Trust Funders, which was distributed on July 20, 2022, as evidenced by, among other things, the Certificate of Service [Docket No. 245];

I.     filed, on July 23, 2022, the *Certification of Stretto Regarding Tabulation of Votes in Connection with the Small Business Debtor's First Amended Plan of Liquidation*; to certify the tabulation of votes in connection with the Plan [Docket No. 227] ("**Ballot Summary**");

J.     filed, on July 24, 2022, the *Debtor's Brief in Support of Confirmation of Small Business Debtor's Revised First Amended Plan of Liquidation* [Docket No. 241] ("**Confirmation Brief**"); and

K.     filed, on July 24, 2022, the *Declaration of Brian Ryniker in Support of Confirmation of Debtor's Small Business Debtor's Revised First Amended Plan of Liquidation* [Docket No. 242] ("**Ryniker Declaration**"); and

L.     filed, on July 24, 2022, the Notice of *[Proposed] Findings of Fact, Conclusions of Law, And Order Confirming the Small Business Debtor's Revised First Amended Plan of Liquidation* in substantially the same form and content of this confirmation order ("**Confirmation Order**").   The Ballot Summary, Confirmation Brief, Ryniker Declaration and proposed Confirmation Order were distributed on July 24, 2022, as evidenced by, among other things, the Certificate of Service [Docket No. 246];

**THIS COURT HAVING:**

A.   set July 19, 2022 as the deadline for creditors to file objections to the confirmation of the Plan;

B.   set July 19, 2022 as the deadline for voting on the Plan;

C.   set July 26, 2022 at 2:00 p.m. ET as the date and time for commencement of the Confirmation Hearing in accordance with Rules 3017 and 3018 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**") and sections 1126, 1128, and 1129 of the Bankruptcy Code;

D.   reviewed the Plan, all exhibits to the Plan, including the Plan Supplements,  the Ryniker Declaration, the Confirmation Brief, and the Ballot Summary, and all pleadings, exhibits, statements, responses, and comments regarding Confirmation;

E.   noted that no objections were filed to Confirmation;

F.   noted that all creditors and equityholders entitled to vote on the Plan who cast Ballots with respect to the Plan, voted in favor of the Plan;

G.   held the Confirmation Hearing;

H.   heard the statements and arguments made by counsel and other parties with respect to Confirmation including the support of the Subchapter V Trustee for confirmation of the Plan and entry of this Confirmation Order;

I.   considered all testimony, documents, filings, and other evidence presented or admitted at the Confirmation Hearing;

J.   taken judicial notice of all papers and pleadings filed in this Chapter 11 Case; and all evidence proffered or adduced and all arguments made at the hearings held before the Court during the pendency of this Chapter 11 Case;

K.   for the reasons stated by the Court at the Confirmation Hearing, overruled any and all objections, if any, raised at the Confirmation Hearing, to the Plan; and

L.   entered rulings on the record at the Confirmation Hearing.

**NOW, THEREFORE**, the Court having found that notice of the Confirmation Hearing

and the opportunity for any party in interest to object to Confirmation has been adequate and

appropriate as to all parties affected or to be affected by the Plan and the transactions contemplated

thereby; and the Court having found the record of this Chapter 11 Case and the legal and factual bases set forth in the documents filed in support of Confirmation and all evidence proffered or adduced by counsel at the Confirmation Hearing establish just cause for the relief granted herein; and after due deliberation thereon and good cause appearing therefor, the Court hereby makes and issues the following findings of fact, conclusions of law, and orders:

## I.

## <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

**IT IS HEREBY DETERMINED, FOUND, ADJUDGED, DECREED, AND ORDERED THAT:**

1.     **Findings of Fact and Conclusions of Law**.  The findings of fact and conclusions of law set forth herein and on the record of the Confirmation Hearing constitute findings of fact and conclusions of law in accordance with Rule 52 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Bankruptcy Rules 7052 and 9014. All findings of fact and conclusions of law announced by the Court at the Confirmation Hearing in relation to Confirmation are hereby incorporated into this Confirmation Order to the extent not inconsistent herewith. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such. To the extent any finding of fact or conclusion of law set forth herein (including any findings of fact or conclusions of law announced by the Court at the Confirmation Hearing and incorporated herein) constitutes an order of the Court, it is adopted as such.

2.    **Jurisdiction, Venue, Core Proceeding (28 U.S.C. §§ 157(b)(2) and 1334(a))**. The Court has jurisdiction over this Chapter 11 Case pursuant to 28 U.S.C. § 1334. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Court has jurisdiction to enter a Final Order determining that the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed and approved. Venue is proper before the Court pursuant to 28 U.S.C. § 1408.

3.    **Eligibility for Relief**. The Debtor is an entity eligible for relief under section 109 of the Bankruptcy Code.

4.    **Judicial Notice**. The Court takes judicial notice (and deems as evidence for purposes of Confirmation) the docket of this Chapter 11 Case maintained by the Clerk of the Court or its duly appointed agent, including all pleadings and other documents filed, all orders entered, all hearing transcripts, and all evidence and arguments made, proffered, or adduced at the hearings held before the Court during the pendency of this Chapter 11 Case.

5.    **Transmittal and Mailing of Materials; Notice**. The Debtor provided due, adequate, and sufficient notice of the Plan, the Confirmation Hearing, and the time fixed for filing objections to plan confirmation to all entities entitled to receive that notice, including all of the Debtor's known creditors and equityholders. That notice fully and adequately described the requested relief, was reasonable and appropriate, and complied in all regards with due process. That notice also complied with the applicable provisions of: (a) the Bankruptcy Code; (b) the Bankruptcy Rules; (c) the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Delaware ("**Local Bankruptcy Rules**"); and (d) all relevant orders of the Court.

6.    **Solicitation.** The Debtor conducted its solicitation of acceptances or rejections of the Plan and the related distribution and tabulation of ballots with respect to that solicitation in

good faith. In addition, the solicitation, distribution, and tabulation complied with the Solicitation Procedures Order, all applicable provisions of the Bankruptcy Rules, all applicable provisions of the Bankruptcy Code, and all other applicable laws, rules, and regulations. Among other things, the Debtor transmitted the Plan to all known Persons who hold claims or interests and that are impaired under the Plan and who are, therefore, entitled to vote on the Plan.

7.      **Ballot Summary.** As evidenced by the Ballot Summary, the two impaired classes, Class 3: General Unsecured Claims and Class 4: Equity Interests, voted to accept the Plan in accordance with section 1126 of the Bankruptcy Code.  Based on the foregoing, and as evidenced by the Ballot Summary, both Impaired Classes have voted to accept the Plan in accordance with the requirements of sections 1124 and 1126 of the Bankruptcy Code.

8.      **Consensual Plan**. As evidenced by the Ballot Summary, the Plan has been accepted by the Class of Creditors and Class of Equityholders entitled to vote on the Plan. Accordingly, the Plan is a consensual Plan under Section 1191(a) of the Bankruptcy Code.

9.      **Objections.** To the extent that any objections, reservations of rights, or statements with respect to Confirmation were made on the record at the Confirmation Hearing or prior to the entry of this Confirmation Order, they are hereby overruled on the merits based on the record before this Court.

10.      **Burden of Proof.** The Debtor, as proponent of the Plan, has met its burden of proving all of the requirements of a consensual plan under section 1191(a), including each required element of section 1129 of the Bankruptcy Code by a preponderance of the evidence, the applicable evidentiary standard for Confirmation. Further, the Debtor has proven each required element of section 1129 of the Bankruptcy Code by clear and convincing evidence.

11.    **Compliance with the Requirements of Section 1129 of the Bankruptcy Code.**

The Plan complies with all applicable provisions of section 1129 of the Bankruptcy Code as more particularly set forth below and in the Court's oral findings of facts and conclusions of law:

a.    ***11 U.S.C. § 1129(a)(1)*** - The Plan complies with all of the applicable provisions of the Bankruptcy Code, including Sections 1122 and 1123. As required by section 1123(a)(1), in addition to Administrative Expenses and Priority Tax Claims, which need not be classified, Article 2 of the Plan classifies one Class of Claims and one Class of Equity Interests. As required by section 1122(a) of the Bankruptcy Code, the Claims and Interests placed in each Class are substantially similar to other Claims and Interests, as applicable, in each such Class and consistent with Section 1123(a)(4) there is no discrimination within any Class.  The Plan satisfies Section 1123(a)(5) of the Bankruptcy Code.

b.    ***11 U.S.C. § 1129(a)(2)*** - The Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying Section 1129(a)(2) of the Bankruptcy Code: the Debtor is an eligible debtor under section 109 of the Bankruptcy Code and proper proponent of the Plan under section 1121(a) of the Bankruptcy Code; and except as otherwise provided or permitted by orders of the Bankruptcy Court, the Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the Solicitation Procedures Order in transmitting the Solicitation Materials and related notices and in soliciting and tabulating the votes on the Plan.

c.    ***11 U.S.C. § 1129(a)(3)*** - The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying Section 1129(a)(3) of the Bankruptcy Code.  In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the Chapter 11 Case and the formulation of the Plan. The Debtor's good faith is evident from the facts and record of the Chapter 11 Case and the record of the Confirmation Hearing. The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtor's Estate and making distributions to its Creditors and Equityholders pursuant to the terms of the Plan. The Plan was the product of negotiations and discussions conducted at arm's length among the Debtor, Creditors, Equityholders and the Subchapter V Trustee and United States Trustee. Further, the Plan's classification, exculpation, release, and injunction provisions have been negotiated in good faith and at arm's length, are consistent with sections 105, 1122, 1123(b)(6), 1129, and 1142 of the Bankruptcy Code, and are each necessary for the Debtor to consummate its value-maximizing Plan.

d.  *11 U.S.C. § 1129(a)(4)* - Any payment made or to be made by the Debtor for services or for costs and expenses in connection with the Chapter 11 Case or in connection with the Plan and incident to the Chapter 11 Case, has been approved by, or is subject to the approval of the Court, thereby satisfying Section 1129(a)(4) of the Bankruptcy Code.

e.  *11 U.S.C. § 1129(a)(5)* - Because the Plan (i) specifies that the Debtor will transfer all of its Assets to the Litigation Trust and dissolve, (ii) provides that its current officer and directors will resign either as of the Confirmation Date or the Effective Date and (iii) identifies the Litigation Trustee and his compensation in the Plan Supplements, this Section is satisfied.

f.  *11 U.S.C. § 1129(a)(6)* - There are no rates applicable to the Debtor's business or otherwise, over which any regulatory commission or other governmental authority has, or will have, jurisdiction after confirmation of the Plan. Thus, Section 1129(a)(6) of the Bankruptcy Code is not applicable and satisfied.

g.  *11 U.S.C. § 1129(a)(7)* - With respect to Impaired Classes, the Plan provides that each holder of a Claim in Class 3: General Unsecured Claims or Equity Interest in Class 4: Equity Interests, the Impaired Classes, shall have either accepted the Plan or will receive or retain under the Plan on account of such claim or interest property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code on such date. The Liquidation Analysis, attached as an Exhibit to the Plan Supplements, reflects, and the Court finds, that each holder of a Claim in Class 3: General Unsecured Claims or Equity Interest in Class 4: Equity Interests, will receive a distribution on account of such Claim or Equity Interest under the Plan that is more than such holder would receive or retain if the Debtor was liquidated in a Chapter 7 proceeding. Thus, the Plan satisfies Section 1129(a)(7) of the Bankruptcy Code.

h.  *11 U.S.C. § 1129(a)(8)* - Class 1A: DIP Facility Claim, Class 1B: Other Secured Claims and Class 2: Priority Unsecured Claims are Unimpaired pursuant to section 1124 of the Bankruptcy Code or have consented to the Plan. Accordingly, holders of Claims in such Classes are conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. Class 3: General Unsecured Claims and Class 4: Equity Interests — the only Classes that are impaired and entitled to vote—have voted in favor of the Plan.

i.     *11 U.S.C. § 1129(a)(9)* - The Plan's treatment of Administrative Claims and Priority Tax Claims satisfies the requirements of Sections 1129(a)(9) of the Bankruptcy Code.

j.     *11 U.S.C. § 1129(a)(10)* - Classes 3 and 4 are impaired and have voted to accept the Plan. Specifically, 100% of the votes cast by Class 3 and Class 4 voted to accept the Plan. Thus, the Plan satisfies Section 1129(a)(10) of the Bankruptcy Code.

k.     *11 U.S.C. § 1129(a)(11)* - The evidence supporting the feasibility of the Plan proffered or adduced by the Debtor at or before the Confirmation Hearing, including the Ryniker Declaration: (i) is reasonable, persuasive, credible, and accurate as of the dates such evidence was prepared, presented, or proffered; (ii) utilizes reasonable and appropriate methodologies and assumptions; (iii) has not been controverted by other evidence; and (iv) establishes that the Plan is feasible and is designed to maximize the value of the Estate's Assets. The Debtor has satisfied its burden to show that the Plan is feasible and that liquidation of the Debtor is in the best interest of its Creditors and Equityholders.

l.     *11 U.S.C. § 1129(a)(12)* - In accordance with 28 U.S.C. § 1930(a)(6)(A), the Debtor is not required to pay quarterly U.S. Trustee fees; all other fees payable pursuant to Section 1930(a) of title 28 of the United States Code, shall be paid as such fees become due.

m.    *11 U.S.C. § 1129(a)(13)* - The Debtor does not currently have any liability to pay "retiree benefits" as that term is defined under Section 1114(a) of the Bankruptcy Code. As such, this Section is not applicable to the Plan and is satisfied.

n.     *11 U.S.C. § 1129(a)(14), (15), and (16)* - These sections are inapplicable in the case of a corporation under Chapter 11. The Debtor owes no domestic support obligations, is not an individual, and is not a moneyed, business, commercial corporation, or trust.

o.     *11 U.S.C. § 1129(c)* - Pursuant to Section 1181(a) of the Bankruptcy Code, Section 1129(c) of the Bankruptcy Code is inapplicable in this Subchapter V case. Thus, this Section is not applicable to the Plan and is satisfied.

p.     *11 U.S.C. § 1129(d)* - The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the applicable provision of Section 5 of the Securities Act of 1933. Thus, this provision has been satisfied.

12. **Burden of Proof.** The Debtor, as proponent of the Plan, has met its burden of Compliance with other applicable requirements of Section 1123 of the Bankruptcy Code. The Plan complies with all applicable additional provisions of section 1123 of the Bankruptcy Code as more particularly set forth below and in the Court's oral findings of facts and conclusions of law:

a. ***Assumption and Rejection of Executory Contracts and Unexpired Leases (11 U.S.C. § 1123(b)(2)).*** Section 2.4 of the Plan provides that all Executory Contracts and Unexpired Leases not otherwise assumed or rejected will be deemed rejected by the Debtor as of the Effective Date in accordance with the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code, other than: (i) those listed on the Cure Schedule (the "**Assumed Contracts**"), (ii) those that have been previously rejected by a Final Order; (iii) those that have been previously assumed by a Final Order; (iv) those that are the subject of a motion to reject Executory Contracts or Unexpired Leases that is pending on the Confirmation Date; or (iv) those that are subject to a motion to reject an Executory Contract or Unexpired Lease pursuant to which the requested effective date of such rejection is after the Effective Date.

b. ***Retention of Claims (11 U.S.C. § 1123(b)(3)(B)).*** In accordance with section 1123(b)(3)(B) of the Bankruptcy Code, the Plan provides that, among other things, the Litigation Trust shall retain and may enforce all rights to commence, prosecute, pursue, and settle any and all Causes of Action, including Avoidance Claims, whether arising before or after the Petition Date, and such rights to commence, prosecute, or settle such Causes of Action shall be preserved notwithstanding the occurrence of the Effective Date. Unless any Causes of Action of the Debtor against an Entity are expressly waived, relinquished, exculpated, released, compromised, or settled in the Plan or a Final Order, the Litigation Trust expressly reserves all Causes of Action, including Avoidance Actions, for later adjudication.

c. ***Other Relevant Provisions (11 U.S.C. § 1123(b)(5)–(6)).*** The Plan's other provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including, without limitation, provisions for (i) distributions to holders of Claims and Interests, (ii) releases by the Debtor of certain parties, (iii) releases by certain third parties, (iv) exculpation of certain parties, (v) the injunction of certain Claims and causes of action in order to implement the discharge, release and exculpation provisions, and (vi) retention of this Court's jurisdiction.

## II.

## ORDER

**BASED ON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

13.     The Plan is **CONFIRMED** as a consensual plan under Section 1191(a) of the Bankruptcy Code, and the Plan is incorporated into this Confirmation Order as an exhibit. The Subchapter V Trustee is hereby discharged and she shall have no further obligations or duties with respect to this Debtor or in this Chapter 11 Case.  In the event of any inconsistency between the Plan and the provisions of this Confirmation Order, the provisions of this Confirmation Order are controlling.

14.     The provisions of the confirmed Plan and this Confirmation Order bind the Debtor, the Litigation Trust, and all Creditors, Equity Interestholders and parties in interest.

15.     The Debtor or the Litigation Trustee, as the case may be, is authorized to execute and deliver any and all documents or instruments and take any and all actions necessary or desirable to implement the Plan, this Confirmation Order, and any other transactions contemplated under those documents. To effectuate these transactions and the Plan, the Debtor or the Litigation Trustee, as the case may be, is authorized—without further notice or application to or order of this Court—to execute, deliver, file, or record any documents and to take any other actions that it may determine is necessary or desirable to implement the Plan and this Confirmation Order, regardless of whether such actions or documents are specifically referred to in the Plan or this Confirmation Order. To the extent that, under applicable nonbankruptcy law, any of these actions otherwise would require the consent or approval of the shareholder of the Debtor, this Confirmation Order constitutes that consent and approval.

16.     As of the Effective Date, all Assumed Contracts will be deemed assumed by the Debtor and assigned to the Litigation Trust pursuant to sections 365 and 1123 of the Bankruptcy Code.  The Cure Costs set forth in the Cure Schedule constitute all of the cure amounts that are required to be paid in order to assume and assign the Assumed Contracts.  Except for the right to payment of the Cure Costs, pursuant to sections 105(a), 363 and 365 of the Bankruptcy Code, all parties to the Assumed Contracts are forever barred and enjoined from raising or asserting against the Debtor and the Litigation Trust any assignment fee, default, breach or claim or pecuniary loss, or condition to assignment, arising under or related to the Assumed Contracts existing as of the Effective Date.  Any party that may have had the right to consent to the assignment of its Assumed Contract is deemed to have consented to such assignment for purpose of section 365(e)(2)(A)(ii) of the Bankruptcy Code and otherwise if it failed to object to the assumption and assignment.

17.     Pursuant to Section 2.4 of the Plan, other than the Assumed Contracts, all Executory Contracts and Unexpired Leases of the Debtor, which have not been assumed before the date of this Confirmation Order, are rejected as of the date this Confirmation Order in accordance with the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code.  All proofs of claim with respect to claims arising from the rejection of executory contracts or leases shall, unless another order of this Court provides for an earlier date, be filed with this Court within thirty (30) days after the Effective Date.  Any proof of claim that is not timely filed shall be released, discharged and forever barred from assertion against the Debtor and its estate or property, and the Litigation Trust.  Notwithstanding the foregoing, all of the Debtor's insurance policies and contracts are expressly assumed by the Debtor and assigned to the Litigation Trust as of the Effective Date.

18.     The Confirmation of the Plan vests, as of the Effective Date, all property of the Debtor and its Estate in the Litigation Trust as provided in the Plan free and clear of all Claims, liens, or other encumbrances (except as expressly provided in the Plan) and, commencing on the Effective Date, the Litigation Trustee may use, acquire, or dispose of property or settle or compromise Causes of Action in the manner specified in the Litigation Trust Agreement and free of any restrictions imposed by the Bankruptcy Code or Bankruptcy Rules.

19.     Except as otherwise provided in this Confirmation Order or the Plan, the treatment set forth in the Plan shall be in full and complete satisfaction of the legal, contractual, and equitable rights that each entity or Person holding a claim or an equity interest may have in or against the Debtor, the Estate, the Litigation Trust, or their respective property. This treatment supersedes and replaces any agreements or rights those entities or Persons may have in or against the Debtor, the Estate, the Litigation Trust, or their respective property.

20.     Except as otherwise provided in the Plan, on the Effective Date, the Estate's Causes of Action, including without limitation Avoidance Actions and Equityholders' Assigned Litigation Claims shall be transferred and assigned to the Litigation Trust, free and clear of all liens and claims against the Debtor and Litigation Trust, except as otherwise set forth in the Plan.

21.     Pursuant to section 1123(b) of the Bankruptcy Code and except as otherwise specifically provided in the Plan or the Plan Supplements, for good and valuable consideration, including the service of the Released Parties to facilitate the expeditious liquidation of the Debtor and the consummation of the transactions contemplated by the Plan and assistance with respect to the Assigned Litigation Claims and Estate Causes of Action, on the Effective Date, the Released Parties are deemed forever released by the Debtor and its Estate, and each of their successors and assigns, from any and all claims, obligations, rights, suits, damages, Causes of Action, remedies

and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of the Debtor or the Estate, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity or otherwise, that the Debtor or its Estate would have been legally entitled to assert in its own right (whether individually or collectively) based on or relating to, or in any manner arising from, in whole or in part, the Debtor's Business Activities (defined below), Debtor's Chapter 11 Case, the business or contractual arrangements between the Debtor and any of the Released Parties, the negotiation, formulation or preparation of the Plan, any Plan Supplement or related agreements, instruments or other documents (collectively, the "**Debtor Released Claims**"), other than Debtor Released Claims against a Released Party arising out of the gross negligence, willful misconduct, intentional fraud, or criminal liability of any such person or entity.

22.    On the Effective Date, except as otherwise provided in the Plan and except for the right to enforce the Plan, all persons who (i) (a) voted to accept the Plan or who are presumed or deemed to have voted to accept the Plan under section 1126(f) of the Bankruptcy Code or (b) are entitled to vote to accept or reject the Plan and who vote to reject the Plan and (ii) do not mark their Ballots as opting out of the releases granted under this section, shall, to the fullest extent permitted by applicable law, be deemed to forever release, and waive the Released Parties of and from all liens, claims, causes of action, liabilities, encumbrances, security interests, interests or charges of any nature or description whatsoever based or relating to, or in any manner arising from, in whole or in part, the Debtor's Chapter 11 Case or affecting property of the Estate, whether known or unknown, suspected or unsuspected, scheduled or unscheduled, contingent or not contingent, unliquidated or fixed, admitted or disputed, matured or unmatured, senior or subordinated, whether assertable directly or derivatively by, through, or related to any of the

Released Parties and their successors and assigns whether at law, in equity or otherwise, based upon any condition, event, act, omission occurrence, transaction or other activity, inactivity, instrument or other agreement of any kind or nature occurring, arising or existing prior to the Effective Date in any way relating to or arising out of, in whole or in part, the Debtor, the Debtor's prepetition operations, governance, financing, or fundraising, the purchase or sale of the Debtor's securities, the Chapter 11 Case, the pursuit of Confirmation of the Plan, the negotiation and consummation of the Asset sales, the consummation of the Plan or the administration of the Plan, including without limitation, the negotiation and solicitation of the Plan (collectively, the "**Debtor's Business Activities**"), all regardless of whether (a) a Proof of Claim or Equity Interest has been filed or is deemed to have been filed, (b) such Claim or Equity Interest is allowed, or (c) the Holder of such Claim or Equity Interest has voted to accept or reject the Plan, except for willful misconduct, gross negligence, fraud or criminal misconduct. Nothing contained herein shall impact the right of any Holder of an Allowed Claim or interest to receive a Distribution on account of its Allowed Claim or Allowed Interest in accordance with the Plan.

23.    None of the Exculpated Parties shall have or incur any liability to any Holder of a Claim or Interest, or other party in interest, or any of their respective members, officers, directors, employees, advisors, professionals, attorneys or agents or any of their successors and assigns, with respect to any Exculpated Claim, including, without limitation, any act or omission in connection with, related to, or arising out of, in whole or in part, the Debtor's Chapter 11 Case, except for willful misconduct, gross negligence, fraud or criminal misconduct as determined by a Final Order of a court of competent jurisdiction, and, in all respects, the Exculpated Parties shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan.

24.    From and after the Effective Date, all persons who have held, hold or may hold Claims against or Interests in the Debtor are permanently enjoined from commencing or continuing in any manner, any Cause of Action released or to be released pursuant to the Plan or this Confirmation Order, from and after the Effective Date, to the extent of the releases and exculpation granted in the Plan or this Confirmation Order, the Releasing Parties shall be permanently enjoined from commencing or continuing in any manner against the Released Parties and the Exculpated Parties and their assets and properties, as the case may be, any suit, action or other proceeding, on account of or respecting any claim, demand, liability, obligation, debt, right, cause of action, interest or remedy released or to be released pursuant to the Plan.  Except as otherwise expressly provided in the Plan, the Plan Supplement or related documents, or for obligations issued pursuant to the Plan, all persons who have held, hold or may hold Claims or Interests that have been released, discharged, or are subject to exculpation, are permanently enjoined, from and after the Effective Date, from taking any of the following actions: (a) commencing or continuing in any manner any Action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (b) enforcing, attaching, collecting or recovering by any manner or means any judgment, award, decree or order against such persons on account of or in connection with or with respect to any such Claims or Interests; (c) creating, perfecting or enforcing any encumbrance of any kind against such persons or the property or estates of such persons on account of or in connection with or with respect to any such Claims or Interests; and (d) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released, settled or discharged pursuant to the Plan.

25.     Unless otherwise provided in the Plan or this Confirmation Order, all injunctions or stays provided for under the Plan or ordered herein or pursuant to sections 105 or 362 of the Bankruptcy Code arising under or entered during the Chapter 11 Case, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the later of the Effective Date and the date indicated in the order providing for such injunction or stay and to the extent consistent with the terms and provisions of the Plan or this Confirmation Order, as applicable.

26.     Upon the entry of this Confirmation Order, all Holders of Claims and Interests, the Debtor, and other parties in interest, along with their respective present or former employees, agents, officers, directors, or principals, are enjoined from taking any actions to interfere with the Debtor's, the Litigation Trust's, the Litigation Trustee's, and their respective affiliates', employees', advisors', officers' and directors', and agents' implementation or consummation of the Plan.

27.     The Court has jurisdiction under sections 1334(a) and (b) of title 28 of the United States Code to approve the discharge, releases, exculpations, and injunctions set forth in the Plan. Sections 105(a) and 1123(b) of the Bankruptcy Code permit the issuance of the injunctions and approval of the releases, exculpations, and injunctions set forth in the Plan. Based upon the record of the Chapter 11 Case or adduced at the Confirmation Hearing, the Court finds that the discharge, releases, exculpations, and injunctions set forth in the Plan are consistent with the Bankruptcy Code and applicable law.  Further, the discharge, exculpations, and injunctions contained in the Plan are integral components of the Plan. The discharge, releases, exculpations, and injunctions set forth in the Plan are hereby approved and authorized in their entirety.

28.     The provisions of the Plan and this Confirmation Order, including the findings of fact and conclusions of law, are non-severable and mutually dependent.

29.     Pursuant to Section 1146(a) of the Bankruptcy Code, any transfers of property pursuant to the Plan and this Confirmation Order shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, regulatory filing or recording fee, or other similar tax or governmental assessment, and upon entry of this Confirmation Order, the appropriate state or local governmental officials or agents shall forgo the collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents pursuant to such transfers of property without the payment of any such tax, recordation fee, or governmental assessment. Notwithstanding the possible applicability of Bankruptcy Rules 3020(e), 6004(h), 6006(d), 7062, and 9014, the terms and provisions of this Confirmation Order shall be immediately effective and enforceable upon its entry.

30.     Notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, the Court will retain jurisdiction over the Chapter 11 Case, all matters arising out of or related to the Chapter 11 Case and the Plan, the matters set forth in Article XIV of the Plan, and other applicable provisions of the Plan, including jurisdiction to:

a.     grant or deny applications for allowance of compensation or reimbursement of expenses authorized under the Bankruptcy Code or the Plan and other Administrative Expenses for periods ending on or before the Effective Date;

b.     hear and resolve all claim objections and/or disputes regarding claims against the Debtor and issues arising from the assumption/rejection of the Executory Contracts;

c.     resolve any and all applications, motions, adversary proceedings, and other matters that involve the Debtor;

    d.      enter any orders necessary or appropriate to implement, consummate, or enforce the provisions of the Plan and of all contracts, instruments, releases, injunctions, exculpations, and other agreements or documents entered into in connection with the Plan;

    e.      adjudicate any Cause of Action, including Avoidance Actions and Assigned Litigation Claims;

    f.      rule on any modification of the Plan proposed under section 1193;

    g.      resolve any and all controversies, suits, or issues that may arise in connection with the Plan's consummation, interpretation, or enforcement;

    h.      under 11 U.S.C. § 1193, modify the Plan or any contract, instrument, release, or other agreement or document created in connection with the Plan, including to remedy any defect, omission, or inconsistency therein;

    i.      enter and implement any orders that are necessary and appropriate if this Order is for any reason modified, stayed, reversed, revoked, or vacated; and

    j.      enter the order closing the Chapter 11 Case.

31.    If this Court abstains from exercising jurisdiction or is without jurisdiction, over any matter, this Confirmation Order will not effect, control, prohibit, or limit the exercise of jurisdiction by any other court that has jurisdiction over that matter.

32.    Notwithstanding anything contained in the Plan to the contrary,

    A.    The Plan is hereby amended by striking, deleting and removing any reference to "Class 5: Subordinated Equity Interests."  To the extent any Claim or Equity Interest is subordinated, such subordination shall be pursuant to and its treatment under the Plan shall be governed by a further order of this Court; and

    B.    the Litigation Trustee, not the Subchapter V Trustee, shall be responsible for making all Plan payments to Creditors and Equityholders under the Plan.

33.    The Debtor is hereby authorized to and does abandon pursuant to section 554 of the Bankruptcy Code its equity interest in Augustus France effective as of the date of this Confirmation Order.

34.     **September 30, 2022 at 4:00 p.m. (prevailing Eastern Time)** shall be the last date ("**Administrative Claims Bar Date**") for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) holding any right to payment constituting an actual, necessary cost or expense of administering these cases or preserving the estates, including, but not limited to, claims under sections 365(d)(3), 365(d)(5), or 503(b)(1) through (8) of the Bankruptcy Code (except for 503(b)(9) Claims) (each, an "**Administrative Claim**") that arose during the period from the Petition Date through the Effective Date to file a request for payment of Administrative Claim.  Any holder of an Administrative Claim against the Debtor who fails to timely file a request for payment of Administrative Claim on or before the Administrative Claims Bar Date, (a) shall be forever barred, estopped, and enjoined from asserting such claim against the Debtor (or filing an Administrative Claim with respect thereto), and the Debtor and its property and the Litigation Trust shall be forever discharged from all such indebtedness or liability with respect to such claim, and (b) shall not receive or be entitled to receive any payment or distribution of property from the Debtor or the Litigation Trust with respect to such claim.

35.     As soon as practicable after the Effective Date, the Debtor's Claims Agent shall mail notice of the entry of this Order and of the occurrence of the Effective Date to all Creditors and Equityholders and parties-in-interest that received the Solicitation Package, all Professionals retained in this case, and any known party affected by the rejection of executory contracts and unexpired leases addressed herein who had not previously had their executory contract and unexpired lease rejected by the Debtors.  The notice shall set forth the Administrative Claims Bar Date, the deadlines for filing Professional Fee Claims and claims for rejection damages, identify the date that is the Effective Date, and provide such other information as may be appropriate to

implement the Plan, and such notice shall constitute adequate and sufficient notice of the post-Confirmation filing deadlines set forth herein.

36.    Notwithstanding any Bankruptcy Rule (including, without limitations, Bankruptcy Rules 3020(e), 6004(h), 6006(d), 7062, and 9014), this Confirmation Order is effective immediately upon entry and not subject to any stay.  The Debtor may declare the occurrence of the Effective Date at any time after entry of this Confirmation Order by waiving any and all closing conditions set forth in the Plan that have not been satisfied.

37.    This Confirmation Order is a Final Order and the period in which an appeal must be filed will commence upon entry of this Confirmation Order.

**Dated: July 26th, 2022**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**

175107/001 - 7634987.2

21