## EXHIBIT B

**Redline**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
-----------------------------------------------------------------x
In re:                                            :    Chapter 11
                                                  :    (Small Business Subchapter V)
                                                  :
Augustus Intelligence Inc.,                       :
                                                  :    Case No. 21-10744 (TMH)
                         Debtor.                  :
                                                  :    Re: D.I. 323—
                                                  :
-----------------------------------------------------------------x
```

**ORDER AND FINAL DECREE PURSUANT TO SECTIONS 105(a) AND 350(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3022 (I) ISSUING A FINAL DECREE CLOSING THIS CHAPTER 11 CASE, (II) TERMINATING THE CLAIMS AGENT, (III) AUTHORIZING THE DESTRUCTION OF REMAINING BUSINESS RECORDS, AND (VI) GRANTING RELATED RELIEF**

Upon the Motion[1] of Brian Ryniker, as the post-confirmation trustee (the "Trustee" or "Augustus Trustee") of the litigation trust (the "Augustus Trust") of Augustus Intelligence, Inc. ("Augustus" or the "Debtor"), established pursuant to the *Small Business Debtor's Revised First Amended Plan of Liquidation* dated May 3, 2022 [D.I. 213] ("Plan"), confirmed by the *Findings of Fact, Conclusions of Law, And Order Confirming the Small Business Debtor's Revised First Amended Plan of Liquidation* entered on July 26, 2022, [D.I. 251], filed a Motion for entry of an order (a) issuing a final decree closing this chapter 11 case (the "Chapter 11 Case"), (b) terminating the engagement of the claims and noticing agent appointed in this Chapter 11 Case, Stretto, Inc. (the "Claims Agent"), (c) authorizing the destruction of the Debtor's remaining business records and (d) granting related relief; and the Court having found that the Trustee has achieved substantial consummation of the Plan; and it appearing that the Debtor's estate and Augustus Trust have been fully administered; and the Court having jurisdiction to consider the Motion and the relief

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that the Trustee has filed the Final Report concerning the period from the Petition Date through the date of the filing of the Motion in accordance with Local Rule 3022-1(a)(ii); and consideration of the Motion and the relief therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and no other or further notice being required; and the Court having found that good and sufficient cause exists for granting the relief requested in the Motion; it is hereby

**ORDERED, DECREED AND ADJUDGED THAT**:

1.      The Motion is GRANTED.

2.      Pursuant to 11 U.S.C. §§ 105(a) and 350(a), the Augustus Intelligence Inc. bankruptcy case shall be ~~and hereby is~~ closed effective as of December 31, 2026, without prejudice to the rights of the Trustee to seek an extension of that deadline by motion on notice to parties in interest (the "Case Closing Date").~~the date of the entry of this Order:~~

3.      The Trustee is authorized to make distributions of any remaining funds in the Augustus Trust in accordance with the priorities set forth in the Plan.

4.      Upon entry of this Order, the Assigned Litigation Claims shall automatically be assigned back from the Trustee and the Augustus Trust to each individual assignor Equityholders and that the Trustee is authorized to execute written assignment agreements evidencing the assignment back of such Assigned Litigation Claims, if requested, by any assignor Equityholders.

5.      The Trustee and the Trust and their employees, professionals and representatives are hereby authorized and directed to take any and all actions necessary and appropriate in connection with the closing of this Chapter 11 Case in accordance with this Order.

6.      The Trustee is hereby authorized to sell or abandon any assets of the Trust, including, without limitation, the Residual Assets, which he determines, in his business judgment, to be burdensome or of inconsequential value to the Trust and its beneficiaries, without the need to re-open this Chapter 11 Case or further order of the Court.

7.      The Trustee and his counsel are hereby authorized, but not directed, to destroy the Records, which the Trustee determines, in his business judgment, to be burdensome or of inconsequential value to the Trust and its beneficiaries, without the need to re-open this Chapter 11 Case or further order of the Court.

8.      Pursuant to this Order, the Trustee shall be fully released and discharged of his duties and obligations as Trustee of the Augustus Trust once obligations relating to the wind down of the Trust and this Order, including the reconciling of final distributions, the filing of final tax returns, and any other administrative tasks that may be necessary (the "Trailing Obligations") have been completed.

9.      Except as provided herein, the Claims Agent is hereby released as claims and noticing agent for the Debtor's Chapter 11 Case under Bankruptcy Rule 2002 and 28 U.S.C. § 156(c).

10.      Pursuant to Local Rule 2002-1(e)(ix), within twenty eight (28) days of entry of this final decree, the Claims Agent shall (a) forward to the Clerk an electronic version of all imaged claims; (b) upload the creditor mailing list into CM/ECF and (c) docket a Final Claims Register.

11.      Upon the entry of this final decree, the Claims Agent may destroy any and all physical copies of documents pertaining to the Chapter 11 Case in its actual or constructive possession, including but not limited to:

a. copies of notices, pleadings, plan solicitation documents, customized envelopes or any other printed materials;

b. letters, e-mails, facsimiles or other correspondence;

c. all undeliverable and/or returned mail; and

d. all other materials related to the Chapter 11 Cases; provided, however, that the Claims Agent may destroy any original proofs of claims and in its possession sixty (60) days after the Claims Agent forwards the Clerk an electronic version of all imaged claims in accordance with this Order; provided, further, that the Claims Agent shall retain any original ballots in its possession for a period of ten (10) years following the Effective Date, after which the ballots may be destroyed.

12. Should the Claims Agent receive any mail related to the Chapter 11 Cases after entry of this Order, the Claims Agent shall collect and forward such mail on a monthly basis to the Trustee at the following address:  Trustee Brian Ryniker, RK Consultants, 112 West 34th Street, Suite 18028, New York, NY 10120.

13. The services of the Claims Agent are terminated effective thirty (30) days after the entry of this Order.

14. This Order is without prejudice to any party's right to seek to reopen the Chapter 11 Case.

15. This Order is without prejudice to and does not otherwise affect the continuing effect of the Plan and applicable provisions of the Confirmation Order that will survive the closing of the Chapter 11 Case.

16. Notwithstanding any stay that might be applicable to this Order, this Order shall be effective and enforceable immediately upon entry hereof.

- 5 -

17.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to (a) the Chapter 11 Case, as provided for in the Plan, and (b) the implementation, interpretation and enforcement of this Order.